# In the United States Court of Federal Claims

No. 23-1536C
(Filed: November 30, 2023)
**NOT FOR PUBLICATION**

```
*****************************************
STEVEN P. ENDRES,                         *
                                          *
                  Plaintiff,              *
                                          *
v.                                        *
                                          *
THE UNITED STATES,                        *
                                          *
                  Defendant.              *
                                          *
*****************************************
```

## OPINION AND ORDER

Steven P. Endres, proceeding *pro se*, brings a "derivative action" "on behalf of" Exhaustless, Inc. *See* Compl. at 1, 27 (ECF 1). The government has moved under RCFC 83.1(a)(3) to dismiss or stay the case. *See* Mot. to Dismiss (ECF 9). Mr. Endres responded to the motion (ECF 10), and the government replied (ECF 11). The motion is **GRANTED**, and the case is **STAYED**.

Exhaustless can only seek judicial relief for alleged injuries with the assistance of an attorney. Corporations, as legal persons, act through their human agents. When in this Court, the only agents qualified to act on a corporation's behalf are its attorneys — not its shareholders, officers, or directors appearing *pro se*. *Sermor, Inc. v. United States*, 13 Cl. Ct. 1, 5 (1987); RCFC 83.1(a)(3); *see also, e.g.*, *Curtis v. United States,* 61 Fed. Cl. 511, 514 (2004); *Hutchins v. United States*, 89 Fed. Cl. 553, 564 (2009); *Alli v. United States*, 93 Fed. Cl. 172 (2010) (citing *Osborn v. President of Bank of United States*, 22 U.S. 738, 830 (1824)).

Mr. Endres seems to seek relief for Exhaustless's injuries, not his own. The injury alleged in the Complaint — an alleged taking by the government of Exhaustless's property — belongs to Exhaustless. *See* Compl. at 27, 29–30. The monetary relief sought is for the corporation as well. *See id.* at 122. A *pro se* litigant like Mr. Endres cannot represent Exhaustless in pursuit of those claims.

Mr. Endres argues that he is not representing Exhaustless, but rather "representing himself and his own personal interest in the corporation … and his own personal interest in the corporation's rights to conduct commerce." Pl.'s Resp. to Mot.

to Dismiss at 1–2. When a corporation suffers an injury, its shareholders are injured indirectly, and can sometimes litigate on the corporation's behalf. Those lawsuits are called derivative actions. *See First Hartford Corp. Pension Plan & Tr. v. United States*, 194 F.3d 1279, 1293 (Fed. Cir. 1999); *Ross v. Bernhard*, 396 U.S. 531, 534 (1970); RCFC 23.1. The Complaint, again, purports to present just such a "derivative" lawsuit. *See* Compl. at 27. But the rule against *pro se* representation of corporations applies to derivative actions too. Shareholders like Mr. Endres may not "bring a pro se action purporting to be a derivative action for purposes of circumventing the prohibition on pro se representation of corporations." *First Hartford*, 194 F.3d at 1292; *see also Page v. United States*, 49 Fed. Cl. 521, 528–29 (2001) ("To maintain a shareholder derivative action in this court, a shareholder must be represented by counsel.").

Mr. Endres thus has two options. He can obtain counsel. Or in the alternative — if he in fact intended to pursue claims for his own personal injuries — he can file an amended complaint clarifying his personal claims and removing claims belonging to Exhaustless. *See Franchise Tax Bd. of California v. Alcan Aluminium Ltd.*, 493 U.S. 331, 336–37 (1990); *Starr Int'l Co., Inc. v. United States*, 856 F.3d 953, 966 (Fed. Cir. 2017). Accordingly, this case is **STAYED** for 30 days. If Mr. Endres either obtains counsel or properly amends his complaint during that time, the stay will be lifted, and the government will be obligated to respond. *See* RCFC 12. Otherwise, the Complaint will be dismissed.

Mr. Endres's "Motion for Entry of Default" (ECF 12), premised on the government's failure to file an answer to the complaint, is **DENIED**. Plaintiff's "Response to Support his Opposition to Defendant's Motion to Stay," submitted to the Court on November 3, 2023, shall be **FILED BY MY LEAVE**.

**IT IS SO ORDERED.**

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge