# In the United States Court of Federal Claims

No. 23-1536C
(Filed: May 17, 2024)
**NOT FOR PUBLICATION**

```
*************************************
STEVEN P. ENDRES,                   *
                                    *
              Plaintiff,            *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
*************************************
```

## OPINION AND ORDER

Steven P. Endres, proceeding *pro se*, brought a "derivative action" on behalf of Exhaustless, Inc. alleging a violation of the Takings Clause of the Fifth Amendment of the United States Constitution. *See* Compl. at 1, 27 (ECF 1). The government moved under RCFC 83.1(a)(3) to dismiss or stay the case. *See* Mot. to Dismiss (ECF 9); Pl.'s Resp. (ECF 10); Def.'s Reply (ECF 11). I granted the government's motion to stay and gave Mr. Endres the opportunity to amend his complaint to allege harms to him personally and not to Exhaustless. *See* Opinion & Order (ECF 14). Mr. Endres amended his complaint, Am. Compl. (ECF 18), and the government again moved to dismiss. *See* 2d Mot. to Dismiss (ECF 22).[1] The motion to dismiss is **GRANTED**, and the case is **DISMISSED**.

Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*,

---

[1] Mr. Endres filed a response, Pl.'s 2d Resp. (ECF 25), and the government filed a reply. Def.'s 2d Reply (ECF 26).

812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings") (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)).

Mr. Endres alleges that he developed a "method to calculate the . . . flight capacity of an airport that is part of a coordinated, shared airspace," and a "competitive market allocation" that would optimize the usage of the airspace. Am. Compl. ¶ 10. Mr. Endres says that in 2015, he "assigned [this] invention to Exhaustless," *id.*, a company that he founded to "conduct foreign and domestic commerce." *Id.* at 29. Mr. Endres further alleges that the Federal Aviation Administration ("FAA") reduced the value of his invention by assigning airspace reservations to air carriers for free instead of allowing him and his company to compete in the market. *Id.* at 29–30.

Mr. Endres does not appear to allege that he has any personal rights in his invention other than those he assigned to Exhaustless. As I previously explained, Mr. Endres cannot bring a *pro se* lawsuit for injuries to the corporation. *See* Opinion & Order at 1–2. That leaves Mr. Endres searching for personal rights that he retains after the assignment.

Mr. Endres characterizes the government's action as infringing his "right to conduct commerce in airspace reservations," which he calls "a legally protected interest under the free speech rights of the First Amendment." Pl.'s 2d Resp. at 11. But claims like Mr. Endres's generally must be based on a "money mandating" source of law, *i.e.*, a statute, regulation, or constitutional provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained and is reasonably amenable to the reading that it mandates a right of recovery in damages." *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008) (quotes and citations omitted) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983), and *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003)). The First Amendment is not money mandating, so this Court has no jurisdiction over claims arising from it. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983)).

The Takings Clause of the Fifth Amendment is money-mandating, so this Court does have jurisdiction over claims for compensation when the government takes private property. *See Pellegrini v. United States*, 132 Fed. Cl. 64, 70 (2017) (citing *Preseault v. Interstate Commerce Comm'n*, 494 U.S. 1, 12 (1990)). However, a plaintiff must "concede the validity of the government action which is the basis of the taking claim[.]" *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993).

Mr. Endres does not concede that the government's actions were legitimate — in fact, he argues very clearly that the actions were wrongful and "illegal." *See* Am. Compl. at 29–30, 45, 73, 92, 130; Pl.'s 2d Resp. at 16, 24–25.

Even if Mr. Endres wished to concede that the government's action was legitimate, he must identify the property interest that was taken. *Adams v. United States*, 391 F.3d 1212, 1218–19 (Fed. Cir. 2004). The right to engage in commerce, though, is not a form of property protected by the Takings Clause. *Huntleigh USA Corp. v. United States*, 63 Fed. Cl. 440, 444 (2005). To the extent Mr. Endres or Exhaustless own any patents for his invention, this Court has held that "patent rights are not cognizable property interests for Takings Clause purposes." *See Christy, Inc. v. United States*, 141 Fed. Cl. 641, 660 (2019), *aff'd* 971 F.3d 1332 (Fed. Cir. 2020); *see also Energy Sec. of Am. Corp v. United States*, 86 Fed. Cl. 554, 563 (2009) ("[A] patent confers the right to exclude others from exploiting an invention. It does not confer the right to exploit the invention already possessed by the inventor.") (quoting *King Instr. Corp. v. Perego*, 65 F.3d 941, 949 (Fed. Cir. 1995)), *aff'd* 356 F. Appx. 414 (Fed. Cir. 2009). This Court does have jurisdiction over claims for patent infringement, 28 U.S.C. § 1498(a), but Mr. Endres does not claim that the government has used his invention in any way. He instead raises the opposite argument, that the government is *not* allowing a competitive market for airspace allocation.

He argues that the government has violated antitrust law. Pl.'s 2d Resp. at 14, 25. But this Court has no jurisdiction over antitrust violations either. *Smith v. United States*, 34 Fed. Cl. 313, 321 (1995).

I have reviewed Mr. Endres's other arguments and have been unable to identify any claim personal to him over which this Court has jurisdiction. The government's second motion to dismiss is therefore **GRANTED**. The government's first motion to dismiss is **DENIED AS MOOT**. The case is **DISMISSED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz  
STEPHEN S. SCHWARTZ  
Judge